TiUghman C. J.
On the trial of this cause at Nisi Prius, the President of the United States’ Insurance Company havmade oath, that certain papers were material to the issue, and that he had given notice to the plaintiff to produce them, the plaintiff was nonsuited, because he neither produced the papers, nor satisfied the court that it was nob in his power to produce them. The plaintiff moves to take off the non-suit, because no order for the production of the papers was made by the court in bank.
The expressions of the act of assembly, (27th February, 1798, 3 Sm. L. 303,) are, “ that the Supreme Court, and several courts of Common Pleas, shall have power, in any ac~ “ tion depending before them, on motion, and upon good and- “ sufficient cause shown by affidavit or affirmation, and due “ notice thereof being given, to require the parties, or either “ of them, to produce books or writings in their possession “ or power, which contain evidence pertinent to the issue, and if either party shall fail to comply with such order, “ and to produce such books or writings, or satisfy said “ courts why the same is not in the party’s power so to do, it “ shall be lawful for the said courts, if the party so refusing “ shall be a plaintiff, to give judgment for the defendant as “.in cases of nonsuit, &c.”
The intent of the law seems to be, that previous to the trial an order for the production of papers, &c. may be made, on good cause shown. And although the necessity of a previous order may sometimes produce delay, yet upon the whole it will be more conducive to justice than any other practice. The nonsuiting of the plaintiff is a very serious penalty, and therefore the order for production of papers, on which it is founded, may require more deliberate consideration than is always afforded at the time of trial. Besides, until the order is made, the party called upon is under no obligation to bring the papers to court, and an order during the trial, to produce them instanter, might be attended with very great hardship. There is some obscurity in the act of assembly, owing probably to the legislature’s not adverting to the difference between trials at Nisi Prius and in bank. No judgment can be entered at Nisi Prius, and therefore the power to enter judgment, as in cases of nonsuit, cannot properly be applied to these courts; and yet, when at the trial the papers are called for, and not produced, the judge must *359 decide whether it is proper to go on, and if he decides against going on, some order must be made immediately. From the necessity of the case, he must have power to withdraw a iuror: and the whole proceedings appearing on the postea, . , , r . , " ,. ^ l. the court in bank may enter judgment according to the act of assembly. This construction accords best with the words of the act, and is, upon the whole, attended with as little inconconvenience as any other. I think it safest therefore, to adopt it. Inasmuch then, as no order by the court in bank was made in this case, I am of opinion, that the nonsuit should be taken off.
Yeates J.
We must be governed by the plain meaning of the words of the act of the 27th February, 1798, in order to fix its true construction. When it is. said therein, that the Supreme Court shall have certain powers to compel the production of books and writings pertinent to the issue, in the possession or power of the adverse party, it must ex vi ter1nini, be intended to' apply to the members of this Court sitting in bank: It does not include a single judge sitting at Nisi Frius. This appears most clearly from the provisions of the act declaring what judgment shall be given, if the party refusing to produce such books or writings, shall be plaintiff or defendant. It is not competent to a Court of Nisi Frius to render judgments in actions tried before them. I concur with Mr. President Wilson as to the course to be pursued under this law, m'ost beneficially to the suitors. The-parties may be fully heard on a rule to shew cause previous to the trial, and the court may make such order as they think proper under all the circumstances of the case, and whenever the cause comes on to trial, the order of the court should be conformed to. I do not think the judge at Nisi Prius was authorised to proceed summarily in this suit, under the expressions of this law, and therefore concur in opinion, that the nonsuit of the plaintiff should be taken off.
Brackenridge J. gave no opinion.
Nonsuit taken off.