(M'Nair *v.* Wilkins.)

---

## M'NAIR *against* WILKINS.

In assumpsit for work and labour done for the defendant, a rule was obtained upon the plaintiff in the year 1829, to show cause why his books of original entries, containing the charges upon which the action was founded, should not be produced at the trial, or in default thereof, judgment of non-suit, according to the provisions of the act of the 29th of February, 1798. The affidavit of the defendant upon which the rule was granted, set forth that it was necessary to his defence, that the books should be produced to show against whom the charges were originally made. At the trial which took place in 1838, the plaintiff's counsel stated that the plaintiff's books were destroyed by an accidental fire in 1833, and that he admitted that the charges in the plaintiff's books were originally made against a third person and not against the defendant.

(M'Nair *v.* Wilkins.)

On a motion for a non-suit made to the Court in bank, *ex parte* affidavits of the plaintiff and another were produced, stating the fact of the destruction of the plaintiff's building, and of his books and papers contained therein, in 1833. *Held*, that the defendant was entitled to a judgment of non-suit.

This case was tried before Judge Sergeant, at a Court of Nisi Prius held in Philadelphia on the 14th of March, 1838; and now came before the Court on a motion for a non-suit.

Mr. *M'Ilvaine* and Mr. *Randall*, for the motion, cited *M'Dermot* v. *The U. States Ins. Co.* (1 Serg. & Rawle, 357); *Rose* v. *King*, (5 Serg. & Rawle, 244); *Wright* v. *Crane*, (13 Serg. & Rawle, 447); *Worman* v. *Boyer*, (14 Serg. & Rawle, 212); *Cowles* v. *Cowles*, (2 Penn. Rep. 139).

Mr. *F. W. Hubbell, contra.*

The circumstances of the case are sufficiently stated in the opinion of the Court, which was delivered by

SERGEANT, J.—This was an action of assumpsit, brought in this Court to July term, 1826, by Matthew M'Nair against Isaac Wilkins, in which the plaintiff declared for the sum of $1031 19, with interest from the first of October, 1820, as due to him from the defendant for work, labour and services, in towing rafts and timber on Lake Ontario, in the year 1820. The case was tried before me at Nisi Prius on the 14th of March last. The plaintiff alleged, and read depositions to prove, that the defendant was the owner of the timber and rafts, and that one Mudge, acting as agent for the defendant, employed the plaintiff to perform [*552] the service and do the work. *After the plaintiff had closed his evidence, the defendant produced the following affidavit and rule of Court, made by the Supreme Court in banc at March term, 1829.

" M'Nair *v.* Wilkins. On motion of H. M'Ilvaine, rule on plaintiff to show cause why his books of original entries for the years 1819, 1820, and 1821, or such of them as contain charges upon which the above action is founded, should not be produced at the trial of the cause, or in default thereof, judgment of non-suit for defendant, according to the provisions of the act of February, 29th, 1798. Returnable Thursday next.

Thursday, 26th of March, 1829. M'Nair *v.* Wilkins. Rule absolute."

Affidavit of the defendant on which the rule was granted.

" Isaac Wilkins, the above defendant, being duly affirmed according to law, doth declare and say, that it is necessary to a fair decision of this case, that the plaintiff's book of original en-

. (M'Nair *v.* Wilkins.)

tries for the years 1819, 1820, and 1821, or either or any of them, in which the charges are made relative to the transactions upon this suit is brought, to wit, for the remuneration of the plaintiff for certain services performed by him, as plaintiff alleges, for and at the instance of the defendant, should be produced upon the trial of the said suit, to show against whom those charges were originally made.

This deponent doth further testify, that these books above-mentioned, as he has been informed, were in the possession of the plaintiff since and after the said services had been performed, and that they are still, he believes, in the possession of the plaintiff, being his own books of entries; and that they are pertinent to the issue in the said case joined."

In answer to this rule of Court, the plaintiff's counsel stated, that the plaintiff was not able to produce the books called for : that they had been accidentally destroyed by a fire, in the year 1833, which had burnt the plaintiff's store at Oswego, where he lived : and that he would admit that the charges in the plaintiff's books were originally made against Mudge, and not against the defendant ; which admission rendered the books no longer necessary to the object that the defendant had in view in requiring their production at the trial. The defendant insisted on his right to a non-suit under the act of assembly of the 29th February, 1798 ; and it was my opinion, that under the rule of Court, and by the express provisions of that act of assembly, the plaintiff was bound either to produce the books, or satisfy the Court that it was not in his power to produce them—and that having done neither, the defendant was entitled to a non-suit. But as the Court sitting at Nisi Prius had no power to order a non-suit, the course to be taken was that pointed out in *M'Dermot* v. *United States Insurance Company*, (1 Serg. & Rawle, 357,) to discharge the jury, with liberty to the defendant to move the Court in banc for a non-suit.

*Accordingly, at this term, the defendant moved the Court in banc to direct the non-suit to be entered. This [*553] the plaintiff resisted, on two grounds : first, That taken at the trial ; that having admitted all for which the defendant desired the production of the books, they were no longer necessary ; and, secondly, he produced two affidavits taken since the trial, viz. on the 19th of March, 1838, one by the plaintiff himself, the other by a third person ; stating in substance, the destruction of the plaintiff's storehouse by fire, in the year 1833, by which all his papers relating to the transactions of the years in question were burnt, and with them his books of entries.

As to the first ground, we are of opinion that the admission by the plaintiff, that the entries in his books were originally made

(M'Nair *v.* Wilkins.)

against Mudge, and not against the defendant, is not such a compliance with the rule of Court, as to supersede their production. The rule itself specifies no object for which they were to be produced. It is in general terms : and I am inclined to think it is the rule of Court, and the act of assembly by which we are to be governed, and not the reason for which the Court thought proper to make the rule. I do not perceive how we can go beyond the rule itself, and examine the various items specified in the defendant's affidavit, to see whether there may not be some equivalent for that which it requires. It is peremptory, without qualification, or condition : and when the rule is once made, it seems to me we are to be governed by the directions of the act of assembly. But if we go beyond the rule, and inquire whether the defendant's offer constitutes an equivalent for the actual production, it appears to me that it does not. The object stated in the defendant's affidavit is to show against whom those charges were originally made; not to show that they were made against Mudge. The defendant may choose to deny that they were even made against Mudge. He may assert that if produced the books will show that the entries were originally made against neither the defendant nor Mudge, but against some other person or persons. He is not bound to take the defendant's admission as containing the whole truth. This admission may carry with it, something more favourable to the plaintiff than the defendant chooses to recognise. For although the charges may have been made against Mudge, yet as the plaintiff alleges that Mudge was the defendant's agent, he may follow up that admission with the allegation that they were in effect charges against the defendant. The defendant may protest against both the fact and the allegation, and aver that he does not want the books to show that the charges were against Mudge, but he wants to show against whom they were, whether the defendant, or Mudge, or some third person. We cannot, therefore, say that the defendant obtains all his right under this admission. Besides, had such an admission been an equivalent, the plaintiff might have offered it on the hearing of the rule to show cause, as a reason for not making the rule absolute : *or he might [*554] before the trial, have made application to the Court, to rescind the rule on that ground, if sufficient. Instead of this, he goes to trial under the rule, leaving the defendant to expect that it will be complied with according to the plain language and meaning of the act of assembly, that is, that he will either produce the books, or satisfy the Court that it is not in his power to do so.

As to the affidavits now presented by the plaintiff's counsel, it is the duty of the plaintiff, under the act of assembly, to account

(Schuler *v.* The Northern Liberties and Penn Township Rail Road Co.)
for the non-production of the books at the time of the trial:
and as a ground of satisfying the Court, the affidavits offered
are too late. They would, moreover, even if offered at the
trial, have been inadmissible. They are *ex parte,* and without
opportunity of cross-examination. If the plaintiff himself was
a witness to any fact, (and I do not think he is, except as to
one which in its nature can be known only to himself, and
where he might be admissible *ex necessitate rei,*) he should be
produced in person at the trial, and subjected to cross-examination.

The only point of view in which the plaintiff could now claim
relief, would be by presenting a case of accident or surprise; and
it has been alleged by the plaintiff's counsel, on the hearing of the
present motion, that the plaintiff was not able to forward his
evidence in time for the trial on account of the distance of his
residence and the state of the roads. This would not have
cured the intrinsic defect in the nature of the evidence offered to
prove the destruction of the books. Besides, we have nothing
on the subject except the mere allegation of counsel;—no proof
of any sort, whether notice of trial was sent to him;—if sent—
when received;—or if received, that it was not in his power to
prepare for the trial in due season. Nothing is shown which
would authorise us to say that there were circumstances to ex-
cuse the plaintiff from the duty of conforming to the rule of
Court. The defendant is, therefore, entitled to demand its en-
forcement.

Non-suit ordered.

Cited by Counsel, 6 Wharton, 218.
Cited by the Court, 5 Barr, 55 ; 2 Grant, 53.